### CARSON v. DESSAU et al.

(Superior Court of New York City, General Term. December 12, 1892.)

APPEAL—HEARING—AFFIRMANCE PRO FORMA.

A reversal by the general term of a judgment in plaintiff's favor, and an award of a new trial, on the ground that the verdict was not sustained by satisfactory evidence, is no reason why a judgment rendered on the second trial, dismissing the complaint for failure of the evidence to establish a cause of action against one of the defendants, and also on the merits, should be affirmed pro forma, so that an appeal may be taken, without delay, to the court of appeals, as the evidence on the two trials may have been different; and the parties will be required to notice their cause according to the rules, and argue or submit the appeal on printed briefs after it has been reached in its regular order on the calendar.

Appeal from jury term.

Action by Sarah A. Carson against Simon Dessau and others. The complaint was dismissed at the trial, and both parties apply for a pro forma affirmance of the judgment to expedite an appeal to the court of appeals. Application denied.

For former report, see 13 N. Y. Supp. 232.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

L. A. Gould, for plaintiff.

L. Lewin, for defendants.

PER CURIAM. The parties have requested the court to affirm the judgment herein pro forma, (as after argument,) so that an appeal may be taken, without delay, to the court of appeals. The application is based upon the erroneous assumption that because the court reversed the judgment rendered in favor of the plaintiff at the first trial, and awarded a new trial, that it must, as of course, affirm a dismissal of the complaint directed at the second trial. This is an erroneous assumption, as no such result may follow. The first judgment was reversed upon the ground that the verdict was not sustained by evidence satisfactory to the court at general term, and the object of the new trial then awarded was to enable the plaintiff to make her proofs satisfactory. Whether the present record contains the same evidence as that presented by the record on the first appeal, or has been strengthened in material respects, we are uninformed. We find, however, that the complaint was dismissed at the second trial upon the ground that there was "no evidence tending to establish any of the allegations of the complaint against the defendant, Simon Dessau." Yet the dismissal was "upon the merits." Both directions are separately excepted to. These exceptions must be considered, in the order in which they were taken, by the general term of this court, before we can truthfully certify them for the consideration of our appellate tribunal. The findings certify that the action was tried before the court without a jury. Still, the

printed case contains an answer given by a witness to a question put "by the eighth juror." This is rather anomalous. The practice of allowing pro forma affirmances to expedite appeals has seldom met with approval, is allowable only in extreme cases,—never where explanation and argument are required, as in the present instance. The application must therefore be denied. The parties must notice their cause according to the rules, and argue or submit the appeal upon printed briefs after it has been reached in its regular order upon the calendar.